**NOT FOR PUBLICATION**

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD ALEX STEVENSON, | No.   17-15454 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00308-MMD-WGC |
| v. | |
| CONNIE S. BISBEE; DARLA FOLEY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Nevada state prisoner Ronald Alex Stevenson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging equal

protection and First Amendment claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Stevenson's equal protection claim relating to potential considerations at a future parole board hearing was proper because Stevenson failed to allege facts sufficient to establish an injury as required for Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (identifying three core requirements for standing under Article III); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[Threatened injury must be *certainly impending* to constitute injury in fact, and . . . allegations of *possible* future injury are not sufficient." (citations and internal quotation marks omitted)).

The district court properly dismissed Stevenson's First Amendment claim because success in Stevenson's claim would necessarily demonstrate the invalidity of his confinement or its duration, and Stevenson failed to allege that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 claim is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction

2                                                                                    17-15454

or sentence has already been invalidated" (citation and internal quotation marks omitted)).

**AFFIRMED.**